# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGINIA BECKER**, | : CIVIL ACTION NO. 1:08-CV-2228 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| **FARMINGTON CASUALTY COMPANY**, **LEON BECKER**, and **K.C. and C.C. as parents and natural guardians of C.B.**, | : |
| Defendants | : |

## **MEMORANDUM**

This is a declaratory judgment matter brought by plaintiff Virginia Becker ("plaintiff") to adjudicate the duties of defendant, Farmington Casualty Company ("Farmington")[1] to defend and indemnify her in an underlying suit that was filed in state court (hereinafter "the underlying action"). This action was removed by Farmington to federal court on the basis of diversity jurisdiction. (See Doc. 1.) Presently before the court is a motion to remand in which plaintiff asserts that Farmington improperly removed the above-captioned matter. She alleges that Farmington failed to establish complete diversity required for removal under 28 U.S.C. §§ 1332 and 1441 because defendants Leon Becker, K.C., and C.C.,

---

[1]Plaintiff originally identified Travelers Insurance Company as the named defendant insurance company. However, the insurance policy in question was issued by Farmington Casualty Company, and plaintiff amended the complaint on March 25, 2009 to identify Farmington Casualty Company as the proper defendant. (See Doc. 24.)

(hereinafter collectively "the individual defendants") are non-diverse parties from plaintiff. Farmington counters that the individual defendants were fraudulently joined and therefore their citizenship must be ignored when evaluating diversity jurisdiction. For the reasons that follow, the motion for remand (Doc. 13) will be denied.

### A. Statement of Facts

In the underlying action, K.C. and C.C. alleged intentional and negligent torts against Virginia Becker and her husband, Leon Becker, stemming from Leon Becker's alleged sexual abuse of C.B., the Beckers' granddaughter. (Doc. 13, Ex. A at 2.) On November 24, 2008, plaintiff, a Pennsylvania resident, brought the present action in state court seeking a declaratory judgment that Farmington must defend and indemnify her in the underlying action pursuant to the homeowner's insurance policy that Farmington issued to the Beckers. (Id. at 4-5.) Farmington is incorporated and has its principal place of business in Connecticut. (Id.) Plaintiff also seeks compensatory and punitive damages from Farmington for breach of contract and bad faith. (Id. at 6-10.) The individual defendants, all citizens of Pennsylvania, were also named as defendants. (Id. at 1.) On December 12, 2008, Farmington filed a notice of removal. (Doc. 1.) Subsequently, plaintiff filed the instant motion to remand, in which K.C. and C.C. concur. The motion to remand has been fully briefed and is now ripe for disposition.

**B.    Discussion**

Removal serves as a procedural method by which defendants, brought before a state tribunal on claims otherwise within the scope of federal jurisdiction, may compel transfer of the case to federal court. See 28 U.S.C. § 1441(a); Allbritton Commc'ns Co. v. NLRB, 766 F.2d 812, 820 (3d Cir. 1985). A plaintiff may challenge removal through a motion to remand. See 28 U.S.C. § 1447(c). The question for the court is whether the case was removable as pending in the state court. See id. §§ 1441(a), 1446; see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). A case may be removed pursuant to 28 U.S.C. § 1441(a) provided that the conditions of 28 U.S.C. § 1332 are met, specifically the requirements of the amount in controversy and diversity of citizenship. See 28 U.S.C. §§ 1332(a), 1441(a). The heavy burden of establishing diversity jurisdiction lies with the defendant. See Steel Valley Auth., 809 F.2d at 1010 ("The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.").

Establishing diversity of citizenship in a case involving multiple parties requires that all parties "on one side of the controversy are citizens of different states from all parties on the other side." Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941); Employers Ins. of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3d Cir. 1990). However, exceptions to this requirement permit removal despite a lack of complete diversity when the non-diverse defendant "has not been served, is merely a nominal party, has been fraudulently joined, or . . . [when] separate and

3

independent nonremovable claims are pending." Collins v. Am. Red Cross, 724 F. Supp. 353, 360 n.9 (E.D. Pa. 1989). In the instant matter, Farmington contends that the individual defendants have been fraudulently joined.

### 1. **Fraudulent Joinder**

A party is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985) (quoting Goldberg v. CPC Int'l, Inc., 495 F. Supp. 233, 239 (N.D. Cal. 1980)). The court must examine the complaint at the time notice of removal was filed and determine whether there is any possibility that a state court could conclude that a viable cause of action lies against the defendant alleged to be fraudulently joined. See Boyer v. Snap-on-Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). If no feasible claim against the defendant exists, the party is fraudulently joined and the party's citizenship will be disregarded when determining diversity jurisdiction. See Spring-Ford Area Sch. Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476, 479-80 (E.D. Pa. 2001).[2]

Farmington contends that the individual defendants are fraudulently joined because there is no claim brought against them in the present action. (Doc. 17 at 12.) Plaintiff's state court complaint maintains three counts, all of which assert

---

[2]Fraudulent joinder is a term of art that utilizes an objective inquiry and does not require the presence of actual fraud or improper motive. See Spring-Ford, 158 F. Supp. 2d at 484 n.3.

4

claims solely against Farmington. (Doc. 13, Ex. A at 4-10.) Count I seeks a declaratory judgment that Farmington must defend and indemnify plaintiff in the underlying action. (Id. at 4-5.) Count II demands legal costs from Farmington as a result of the breach of the insurance contract. (Id. at 5-7.) Finally, Count III requests compensatory and punitive damages resulting from Farmington's alleged bad faith. (Id. at 7-10.) None of these counts state a claim under Pennsylvania law against any of the individual defendants, and there is no possibility that a state court could find such a cause of action. Therefore, the individual defendants are fraudulently joined and the court must disregard their citizenship for purposes of diversity jurisdiction.

### 2. **Indispensable and Necessary Parties**

Plaintiff argues, however, that the individual defendants' joinder in the case cannot be fraudulent—and thus their citizenship must be considered—because they are indispensable and necessary parties to the litigation pursuant to the Pennsylvania Declaratory Judgment Act, 42 PA. CONS. STAT. § 7540(a), and Pennsylvania case law, see Vale Chem. Co. v. Hartford Accident and Indem. Co., 516 A.2d 684, 687-88 (Pa. 1986) (finding declaratory judgment matters must include all persons that have any interest in the declaration as parties).

The necessity of a party in a removal matter is an issue of procedure and is therefore governed by federal law. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968); Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 229 (3d Cir. 2005) ("[S]ince Vale is a procedural and jurisdictional ruling,

5

Erie does not require the district court to apply Pennsylvania law."). The court must look to Federal Rule of Civil Procedure 19 to determine whether the individual defendants are in fact necessary to the litigation. A person is necessary to the litigation if:

> (A) in that person's absence the court cannot accord complete relief among existing parties; or
>
> (B) that the person claims an interest relating to the subject of the action that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impeded the person's ability to protect that interest, or
>>
>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a)(1). Because there is no cause of action against the individual defendants, the court can grant complete relief without their participation in this matter. Thus, they are not necessary parties pursuant to Rule 19(a)(1)(A). Additionally, the individual defendants do not constitute necessary parties under Rule 19(a)(1)(B) because they possess no legally protected interest in this matter. They may ultimately possess a interest in any insurance proceeds paid by Farmington; however, this interest will arise only upon a finding that Farmington must defend and indemnify plaintiff. Thus, the individual defendants' interest is not implicated prior to a determination of the issues raised in this case. Plaintiff has not raised any claims against the individual defendants distinct from her own financial interest in the Farmington policy; hence, joinder of the individual

6

defendants is not necessary for the court to grant complete relief.[3] The court will disregard their citizenship when evaluating the viability of federal subject matter jurisdiction.[4]

**C.  Conclusion**

For the foregoing reasons, the court finds that the individual defendants have been fraudulently joined and are not necessary parties. Consequently, their citizenship must be disregarded when determining jurisdiction pursuant to 28 U.S.C. § 1332(a) and §1441. The court concludes that Farmington has established complete diversity of the parties as plaintiff is a Pennsylvania resident and Farmington is incorporated and has its principal place of business in Connecticut. The removal requirements are satisfied[5] and diversity jurisdiction is appropriate. Plaintiff's motion to remand will be denied.

---

[3] In light of the court's conclusion that the individual defendants are fraudulently joined, the court need not address Farmington's remaining arguments that defendants K.C. and C.C. were fictitiously named and therefore should not be considered when determining diversity jurisdiction. Additionally, the court need not address Farmington's argument that the individual defendants should be realigned with plaintiff to represent their actual interests.

[4] Plaintiff also argues that under the Erie doctrine, the court should decline to exercise jurisdiction because the matter would be more appropriately addressed at the state level. While there are certain circumstances under which it may be proper for the court to decline jurisdiction, such as in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942) (vesting in district courts the option of declining jurisdiction in diversity cases seeking declaratory judgments in matters that would otherwise meet the jurisdictional requirements), those circumstances are not present in this case. Rather, this case concerns a matter of contract interpretation of the sort routinely handled in federal court. Thus, Brillhart is inapposite.

[5] It is undisputed that the amount in controversy exceeds $75,000. See §§ 1332(a), 1441.

An appropriate order is attached.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: June 25, 2009

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGINIA BECKER**, | : | **CIVIL ACTION NO. 1:08-CV-2228** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **FARMINGTON CASUALTY COMPANY, LEON BECKER**, and **K.C. and C.C. as parents and natural guardians of C.B.**, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 25th day of June, 2009, upon consideration of plaintiff's motion to remand (Doc. 13) the above-captioned action to state court, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that plaintiff's motion to remand (Doc. 13) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge